GEORGE WILLIAMS, Administrator, *vs.* EDWIN WINSOR, Assignee, and NICHOLAS C. BRIGGS.

In Rhode Island a mortgage of personal property to be subsequently acquired creates a lien on such property when acquired, which is valid in equity against the mortgagor or his voluntary assignee.

The question, whether a mortgage which allows the mortgagor to retain possession of the mortgaged personalty or to sell and replace the same, is or is not fraudulent as against his creditors, should be determined by a jury from the circumstances attending its execution.

A voluntary assignee for the benefit of creditors takes the assignor's estate subject to all existing equities.

BILL IN EQUITY brought by George Williams, administrator of William B. Lawton, against Nicholas C. Briggs and Edwin Winsor, his voluntary assignee, to enforce a lien on certain personalty purporting to be conveyed by a mortgage executed by Briggs to Lawton, which personalty was acquired by Briggs after the mortgage had been executed and delivered, and possession of which had been retained by the mortgagor or his assignee.

July 2, 1870, Nicholas C. Briggs mortgaged to William B. Lawton certain tools, fixtures, and his stock in trade, after describing which, the mortgage deed continued, " and also all and every article and thing that may be hereafter purchased by me to replace or renew the articles and things hereinbefore conveyed,

and also all stock, tools, fixtures, and carriages, whether manu-
factured or in process of manufacture, that may be hereafter
purchased by me to be used in or about my business of buying
and selling, making and repairing, carriages." The mortgage
was acknowledged and duly recorded.

August 14, 1875, Briggs made an assignment of his property
to one Frank H. Macreading, in trust, " to pay all the just debts
of him the said Nicholas C. Briggs, without distinction or pref-
erence, which shall be exhibited and proved to said Macreading
within six months from the date hereof, in full, if sufficient, if
not, then ratably and in proportion to said debts. Should any
surplus remain after payment of the several debts aforesaid, then
to return the surplus to said Briggs." Subsequently Macreading
was removed and the respondent, Edwin Winsor, was appointed
trustee in his place by this court, under Gen. Stat. R. I. cap. 181,
§§ 11–14.

After the execution of the mortgage Briggs carried on his
business as usual, using the mortgaged property as his stock in
trade.

The condition of the mortgage being broken, and Lawton hav-
ing died, his administrator, Williams, brought an action of trover
against Briggs and Winsor, for converting the chattels mort-
gaged, both those acquired before and those acquired after the
execution of the mortgage. See *Williams* v. *Briggs*, 11 R. I.
476. After the decision of the court in that case this bill was
filed to enforce the mortgage lien on the after-acquired person-
alty.

The prayer of the bill was that the lien might be established ;
that the respondents might be directed to surrender the chattels
mortgaged, or that the same might be sold under an order of
court and the proceeds applied to indemnify the mortgagee ;
that the respondents might be required to account for the value
of all the chattels sold after the assignment, and for general
relief.

*Tillinghast & Ely*, for the complainant, cited : *Brett* v. *Carter*,
2 Lowell Decis. 458 ; *Williams* v. *Briggs*, 11 R. I. 476 ; *Groton
Manuf. Co.* v. *Gardiner*, 11 R. I. 626.

*Benjamin N. Lapham & Daniel R. Ballou*, for the respon-
dents.

The provision in this mortgage relating to after-acquired property does not belong to the class of contracts of which an Equity Court will decree a specific performance, because such a transaction is against public policy, throwing open a wide door to possible fraud. 2 Story Eq. Jur. § 736 ; *Robinson* v. *Elliott*, 22 Wall. 513 ; *Moody* v. *Wright*, 13 Met. 17 ; *Collins* v. *Meyers*, 16 Ohio, 547 ; *Mittnacht* v. *Kelly*, 3 Abb. Ct. App. 301 ; *Phelps* v. *Murray*, 2 Tenn. Ch. 746.

Registration under our statute is a substitution for delivery of possession ; but as the property in controversy was not *in esse* when the mortgage was recorded, and when acquired was again disposed of, and the stock replenished many times before the assignment, how could the record of the mortgage operate as a substitute for delivery, when there was nothing in the hands of the mortgagor to deliver ? Gen. Stat. R. I. cap. 105, § 9 ; *Robinson* v. *Elliott*, 22 Wall. 513 ; *Collins* v. *Meyers*, 16 Ohio, 547.

If this mortgage of property to be acquired in future is valid in equity, it is only valid between the parties in the absence of adverse claims, as a contract to assign when the property shall be acquired, not as an assignment of a present interest in the property ; and if it is enforcible in equity, it can only be enforced as a right under the contract, and not as a trust attached to the property ; such a mortgage is not a specific lien on the property acquired. *Moody* v. *Wright*, 13 Met. 17 ; *Chapman* v. *Weimer & Steinbacher*, 4 Ohio St. 481 ; *Chynoweth* v. *Tenny et al.* 10 Wis. 397 ; *Hunt* v. *Bullock et al.* 23 Ill. 320.

This mortgage gives to the mortgagor a power of sale and disposition, without any provision requiring an account to the mortgagee, or applying the proceeds to the payment of any part of the debt ; therefore, as the property was disposed of by general assignment for the benefit of creditors, the rights of creditors attached before any " *novus actus interveniens*," and the mortgage being invalid as to all the world except the parties thereto, equity cannot interfere to enforce the contract without prejudice to the rights of the general creditors. *Pennock* v. *Coe*, 23 How. U. S. 117 ; *Beall et al.* v. *White et al.* 4 Otto, 382.

*October* 13, 1877. POTTER, J. The respondents in this case claim under an assignment of personal property from Nicholas C. Briggs for the benefit of his creditors. The complainant

claims as administrator of William B. Lawton, deceased, under a mortgage which, besides property in the possession of the mortgagor at the time of the execution of the mortgage, also purports to convey certain property thereafter to be acquired, it being the same mortgage heretofore before the court in the case of *Williams* v. *Briggs*, 11 R. I. 476 ; and the bill prays that the complainant's lien on the property may be established and enforced and that the respondents may be required to surrender the property, or for a sale thereof, and for an account of any of said property that may have been sold, and for other relief.

The answer admits so much of the facts as are material for this decision.

The respondents' counsel contend that such a mortgage is void *per se* as a fraud upon creditors, at least so far as respects the after-acquired property. It is difficult to see how, if the mortgage was executed to defraud creditors, it can be good even in part; but there is another objection to the point here made. While in some States a mortgage containing a power to sell and replace, or where the mortgagor retains possession, has been held to be therefore void, such has not been the doctrine of the courts in this State. Here, the question whether such a mortgage is fraudulent or not is a fact for the decision of the jury, upon the circumstances and evidence in the particular case.

The respondents' counsel further object that it is inconsistent and unjust that equity should adopt a different doctrine from that of the law in relation to mortgages of this sort. This is only one of many cases where a party has a remedy in equity where he has none at law; and we can see no greater inconsistency in it than in the fact that a party is at law obliged to adopt a particular form of action.

In England, Parliament has seen fit to abolish this distinction, and to provide that hereafter, where the rules of law and equity differ, the latter shall prevail ; but our legislature has not yet seen fit to make any change in this respect.

Counsel further contend that although such a mortgage might be good between the parties, yet it is void as against creditors.

It is perfectly well settled that a voluntary assignee for the benefit of creditors takes property subject to all the equities to which it was subject in the hands of his assignor, and that he

does not stand in the light of a *bonâ fide* purchaser for a new and valuable consideration without notice, and entitled to be protected as such.

The complainant is therefore entitled to the relief prayed for.

The case was afterwards heard on the form of a decree, and an order was made January 3, 1878, sending it to a master to ascertain and report:

1. *What property came into the hands of the assignee under the assignment ?*

2. *How much of the property received by the assignee was covered by the mortgage, either as having been acquired before or after the execution of the mortgage ?*

3. *What expenses have been incurred by the assignee in regard to the property under the mortgage ?*

4. *Also to report any facts which either party may wish to have reported.*

*All questions to be reserved until the report comes in.*

NOTE. — See Albany Law Journal, vol. 17, p. 359, May 11, 1878, for comments in this case.